MAYFAIR FARMS HOLDING CORPORATION, A CORPORA-
TION OF THE STATE OF NEW JERSEY, PLAINTIFF-
APPELLANT, v. KRUVANT ENTERPRISES CO., A COR-
PORATION OF THE STATE OF NEW JERSEY, DEFEND-
ANT-RESPONDENT.

Argued September 14, 1961—Decided September 25, 1961.

Mr. *Walter D. Van Riper* argued the cause for plaintiff-appellant (*Messrs. Van Riper & Belmont,* attorneys; *Mr. William A. Wachenfeld,* of counsel).

Mr. *Jerome C. Eisenberg* argued the cause for defendant-respondent (*Messrs. Hannoch, Weinstein, Myers & Stern,* attorneys).

The opinion of the court was delivered

PER CURIAM. Mayfair Farms Holding Corporation (herein "Mayfair") sued Kruvant Enterprises Co. (herein "Kruvant") for the balance of the purchase price on the sale of lands. The contract of sale called for a further payment of $79,000 if the lands should be rezoned within a stipulated time. The lands were rezoned within the fixed period. Kruvant contended it had been relieved of its obligation when Mayfair conveyed to Kruvant's assignee, Empire Holding Company (herein "Empire"), and simultaneously accepted Empire's covenant for the further payment upon the rezoning contingency stated in Empire's covenant. In brief, Kruvant alleged a "novation" whereby the obligation of Empire was accepted in lieu of the obligation of Kruvant. The trial court found for Kruvant and the Appellate Division affirmed. 64 *N. J. Super.* 465 (1960). We granted certification. 34 *N. J.* 330 (1961).

The cause was decided upon a stipulation which submitted a number of written exhibits. No oral testimony was offered by either side. At the argument before us, we said that if we should decide the case upon the record made, we could not be confident the result would square with the

ultimate truth. We accordingly suggested the parties consent to a plenary retrial, to which they agreed. The judgment is accordingly vacated and the matter remanded to the trial court.

■ ■ At the argument it developed that counsel privately prepared the pretrial order which the trial court signed without a conference in fact. That procedure plainly violated *R. R.* 4:29-1. The success of a pretrial conference depends upon the judge. It is his duty to compel the litigants to reveal fully their legal and factual positions to the end that they will know precisely what is involved before the case comes to trial. Counsel cannot achieve that result by private conversation. There may be a reluctance to be definitive, or simply a failure to communicate clearly. It is the role of the judge to see to it that the issues are fully understood. Anything less is a waste of time and money, as the present case reveals.

■ The exhibits themselves seem to be but the bare bones of the case. There obviously is more that can and should be added, to aid a court to decide whether in truth Mayfair intended to accept the obligation of Empire in place of Kruvant's. Mayfair says it offered no more because it believed the exhibits failed to sustain Kruvant's burden of proof. Kruvant explains that it understood, until rather late in the day, that the sole issue was whether Kruvant had consented to be relieved of its liability, and, being confident that such consent was readily inferable (indeed it is, in the absence of proof of some reason why Kruvant would not welcome such relief), it offered no further proof upon what developed to be a crucial issue, *i. e.*, whether Mayfair and Empire agreed to substitute Empire's obligation for Kruvant's. The pretrial order the parties fashioned is inadequate, for while Kruvant's position is clearly stated with respect to the claimed novation, Mayfair's reply thereto nowhere appears. Had there been the required conference, the ultimate issues would readily have emerged, and, with

them, the wisdom of adducing additional proof. This matter shall be pretried promptly upon this remand.

Empire's obligation is worded differently from Kruvant's. Mayfair did not join Empire as a defendant. At argument counsel indicated that if Mayfair fails as to Kruvant, it may seek relief from Empire. We have no occasion to consider whether Empire must be added now if Mayfair is ever to claim against Empire and of course we intimate no view. But if Mayfair has a further suit in mind, it would be consonant with sound policy and expedition to proceed alternatively against Empire at this time. Upon prompt application, Empire may be joined.

If an appeal is taken from the judgment ultimately entered, either party may move that we certify it directly to us.

The judgment is accordingly vacated and the matter remanded to the trial court for further proceedings in harmony with this opinion, costs here and in the Appellate Division to abide the event.